

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-12-2007

# USA v. Jones

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2002

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Jones" (2007). *2007 Decisions.* Paper 955.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/955

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2002
_____

UNITED STATES OF AMERICA

v.

JONATHAN JONES,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 04-cr-00234)
District Judge:  Honorable Alan N. Bloch
_____

Submitted Under Third Circuit LAR 34.1(a)
May 17, 2007

Before:  FISHER and ROTH, *Circuit Judges*, and RAMBO,* *District Judge*.

(Filed: June 12, 2007)
_____

OPINION OF THE COURT
_____

*The Honorable Sylvia H. Rambo, United States District Judge for the Middle
District of Pennsylvania, sitting by designation.

FISHER, *Circuit Judge*.

Jonathan Jones appeals the 120-month sentence he received after he was convicted of being a felon in possession of a firearm. 18 U.S.C. §§ 922(g), 924(a)(2). Jones argues that the District Court violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), when it used facts not submitted to the jury to increase his sentence. He also argues that, even if those facts did not need to be submitted to a jury, there was insufficient evidence to prove that Jones used the firearm in connection with another felony and that he perjured himself during trial. We disagree, and, for the reasons set forth below, we will affirm the District Court's judgment of sentence.

I.

Because we write only for the parties who are familiar with the factual and legal background to this case, we will set forth only those facts necessary to our analysis. Jones was charged in a one-count indictment for possession of a firearm by a convicted felon after police found a .40 caliber Glock pistol in his waistband following a shooting incident outside of a club. The indictment also alleged that Jones used the firearm in connection with an aggravated assault and that he recklessly endangered another person, felonies under Pennsylvania law. At trial, Jones admitted to possessing the Glock, but claimed the defense of justification.

2

According to Jones's testimony at trial, he, his sister, and his brother attended a concert at the Boardwalk, a local night club in Pittsburgh, Pennsylvania. As the Boardwalk was closing, Jones began to walk to the parking lot when he saw an unidentified man shoot a pistol at the door of an SUV parked nearby. Jones testified that he "instinctively" grabbed the barrel of the gun and wrenched it away from the shooter, who then ran away. When police saw Jones with the gun and told him to freeze, Jones claims that he panicked, knowing he was a convicted felon, and ran from police instead of turning the gun over. Jones's sister and brother both testified that they had not previously seen Jones with a gun and that they saw him tussle with an unidentified man.

The government presented the testimony of several officers who heard shots outside the Boardwalk and observed Jones with the gun. While none of the officers saw the actual shooting, Officer Nicholas testified at trial that he saw Jones stuffing the gun into the waistband of his pants approximately two seconds after he had heard the shots. A civilian witness, Sheldon Steward, testified that he saw Jones fire two shots at the SUV.

At trial, the District Court instructed the jury to consider the defense of justification. The jury did not credit Jones's version of the events and convicted Jones of possessing a firearm.

At sentencing, the District Court found by a preponderance of the evidence that Jones used the firearm in connection with two crimes under Pennsylvania law – aggravated assault and reckless endangerment, 18 Pa. Cons. Stat. §§ 2702, 2705. Based

3

on this finding, it increased Jones's base offense level by four levels pursuant to U.S. Sentencing Guidelines § 2K2.1. The District Court then increased Jones's base offense level by two additional levels pursuant to U.S. Sentencing Guidelines § 3C1.1, finding by a preponderance of the evidence that Jones had obstructed justice when he perjured himself at trial. Jones's criminal history, Category IV, coupled with a base offense level of 30 resulted in an advisory Guidelines range of 135-168 months imprisonment. The District Court sentenced Jones to 120 months imprisonment, the statutory maximum for a violation of 18 U.S.C. § 922(g).

This timely appeal followed.

## II.

Jones's primary contention on appeal is that the District Court lacked sufficient evidence to find, by a preponderance, that he used the firearm in connection with another felony and that he perjured himself at trial.[1] We have jurisdiction to review the final judgment of sentence pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). We review a district court's factual findings in a sentencing proceeding for clear error, overturning its findings only where a review of the entire record provides a "definite and firm conviction that a mistake has been committed." *Grier*, 475 F.3d at 570 (internal

---

[1]Jones's other contention, that the District Court violated the *Apprendi* line of cases by failing to submit these questions to the jury and only making findings by a preponderance of the evidence, is precluded by our recent decision in *United States v. Grier*, 475 F.3d 556, 568 (3d Cir. 2007) (*en banc*).

quotation marks and citations omitted). We review the final sentence imposed by a district court for reasonableness. *United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006).

A.

Jones first contends that the District Court erred when it increased his base offense level by four levels for using a firearm in connection with another felony offense. U.S. Sentencing Guidelines § 2K2.1 provides for a four-level increase "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense . . . ." U.S. Sentencing Guidelines Manual § 2K2.1(b)(5).[2] The District Court found that the evidence presented at trial was sufficient to prove by a preponderance of the evidence that Jones had violated either Pennsylvania's aggravated assault statute or its reckless endangerment statute.

Under Pennsylvania law, a defendant commits aggravated assault when he "attempts to cause . . . bodily injury to another with a deadly weapon." 18 Pa. Cons. Stat. § 2702. A defendant commits reckless endangerment when "he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." *Id.* § 2705. Either offense is punishable by more than one year in prison. *Id.*

---

[2]We note that the 2004 edition of the Guidelines Manual was used to compute Jones's sentence. The four-level increase for possessing a firearm in connection with another felony offense is now located at § 2K2.1(b)(6), not (b)(5).

§§ 2702, 2705. The act of shooting a gun at an occupied vehicle clearly falls within the definition of both of these crimes.

However, Jones argues that there was insufficient evidence to prove he shot the Glock as (1) his testimony denied that he ever shot at the SUV and (2) the civilian witness who saw him shoot at the SUV misidentified the kind of clothing he was wearing. However, as evidenced by the jury's refusal to acquit Jones on his justification defense, it did not find his testimony credible. Based on the testimony of five government witnesses who denied ever seeing a mystery shooter and one witness who testified that he saw Jones shoot at the SUV, the District Court had more than sufficient evidence to find by a preponderance that Jones committed reckless endangerment or aggravated assault and, therefore, used the firearm in connection with another felony. *See United States v. Lloyd*, 361 F.3d 197, 204 (3d Cir. 2004) (finding that assault is "another felony offense" under § 2K2.1).

B.

Jones next contends that there was insufficient evidence upon which the District Court could find that he obstructed justice by committing perjury at trial. Pursuant to U.S. Sentencing Guidelines § 3C1.1, if a defendant willfully obstructs or impedes or attempts to obstruct or impede the administration of justice during investigation or prosecution, a district court should increase his base offense level by two levels. U.S. Sentencing Guidelines Manual § 3C1.1. Application note 4 indicates that committing

6

perjury constitutes obstruction for the purposes of § 3C1.1. *Id.* cmt. n.4. In its findings, the District Court stated that the evidence clearly supported a finding that Jones obstructed justice by committing perjury at trial.

On appeal, Jones presents little in the way of argument as to why the District Court's finding was clearly erroneous. Jones's testimony at trial focused on the fact that there was a mystery shooter from whom he wrenched the gun. In order to convict Jones, the jury had to reject this testimony. It did so. Further, Jones's testimony was in direct conflict with six witnesses who stated that there was no man other than Jones present at the time of the shooting. This is sufficient evidence to find by a preponderance that Jones was lying when he took the stand. *See United States v. Johnson*, 302 F.3d 139, 154 (3d Cir. 2002) (enhancement for perjury at trial appropriate where jury necessarily had to reject defendant's testimony to find him guilty).

In conclusion, we find that the District Court properly increased Jones's base offense level by four levels for using a firearm in connection with another felony and by two levels for obstructing justice.[3] Therefore, we will affirm the judgment of sentence.

---

[3] We also find that the final 120-month sentence was reasonable under the factors set forth in 18 U.S.C. § 3553(a).